# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.:** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | |
| **SCOTTIE BORDERS,** | : | **18 U.S.C. § 1349** |
| | : | **(Conspiracy to Commit Wire Fraud)** |
| Defendant. | : | |
| | : | **18 U.S.C. § 981(a)(1)(C), 28 U.S.C.** |
| | : | **§ 2461(c), and 21 U.S.C. § 853(p)** |
| | | **(Criminal Forfeiture)** |

## I N F O R M A T I O N

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### Relevant Entities and Individuals

1. The Washington Metropolitan Area Transit Authority ("WMATA") is a tri-jurisdictional government agency created by an interstate compact among the District of Columbia, the State of Maryland, and the Commonwealth of Virginia, with the consent of the United States Congress. Funding for WMATA is provided by Maryland, Virginia, the District of Columbia, and the federal government. WMATA's headquarters were located at 300 7th Street SW, Washington, D.C. 20024.

2. Company 1, based in Millville, New Jersey, was a producer and supplier of traffic signs and safety products to various individuals, entities, and government agencies, including WMATA.

3. Individual 1 was an owner and operator of Company 1.

4. Defendant SCOTTIE BORDERS was hired by WMATA in 2006. Since 2009, and throughout the relevant period, BORDERS worked full-time for WMATA as a Senior Program Manager. In this capacity, he was involved in the selection, award, and administration of WMATA contracts with various vendors, contractors, and suppliers, including Company 1.

**WMATA Procurement Procedures, Processes and Relevant Training**

5. While at WMATA, BORDERS received training on procurement procedures, codes of conduct, organizational conflicts of interest, and ethical considerations that must be followed when engaging with contractors and sub-contractors. This included training on WMATA's general procurement procedures, as detailed in the Procurement Procedures Manual ("PPM"), governing the solicitation, award, and administration of all WMATA contracts and purchases for supplies, services, equipment, and construction. BORDERS also received training on WMATA's requisite procedures, codes of conduct, and ethical considerations to be followed when engaging with contractors and sub-contractors such as Company 1.

6. While at WMATA, BORDERS also received training on "Unequal Access to Information," which is when the "contractor has an unfair competitive advantage through obtaining access to nonpublic information during the performance of an earlier contract." Additionally, BORDERS was trained on the Standards of Conduct, as outlined in the PPM, for WMATA employees involved in procurement matters. Such standards provided, in relevant part, that no employee shall "[i]n connection with services performed within the scope of his official duties, solicit or accept money or any other thing of value in addition to the compensation or expenses paid to him by the Authority," nor shall they "solicit or accept gratuities, favors, or anything of monetary value from contractors or parties to subcontracts."

7. Despite the above-detailed training and knowledge, at no point during the relevant period did BORDERS report having any financial or other interest in a present or prospective contract, subcontract, or supplier, nor did he report on any annual Confidential Statement of Affiliations and Financial Interest forms that he received NFL tickets or any other financial benefits from Company 1, Individual 1, or others.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 7 of the General Allegations are realleged and incorporated herein.

2. From in or around January 2011, and continuing through in or around September 2020, in the District of Columbia, and elsewhere, the defendant,

**SCOTTIE BORDERS,**

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with Individual 1 and others, to commit wire fraud, that is, to knowingly and willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the co-conspirators to unlawfully enrich themselves by securing the selection, award, and administration of contracts, bids, and purchase

agreements between Company 1 and WMATA for various items, products and services based on materially false and fraudulent representations made to WMATA, through interstate wire, concerning the nature of the contracts, bids, and purchase agreements involving Company 1 and others.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. BORDERS knowingly and willfully abused his position at WMATA, and his understanding of the contracting and procurement process, to manipulate bids for items and services in favor of Company 1 using materially false and fraudulent representations made to WMATA, via interstate wire, by BORDERS and his co-conspirators.

5. BORDERS and his co-conspirators falsified price quotes and bids on behalf of companies that either did not submit bids to do business with WMATA or did not know that their information was being used in connection with specific WMATA bids.  The purported quotes and fraudulent bid proposals were made up to ensure that Company 1 secured the lucrative WMATA purchase orders and contracts at issue.

6. For example, on or about November 27, 2018, BORDERS sent an email from his WMATA email address to Individual 1 stating, "Hey I need another quote for the 'bus stop here' decals," noting that he already had the quote from Company 1 and another company, but that he still "need[ed] one more."  Individual 1 emailed a reply just one minute later, stating "Okay will have it to you today," to which BORDERS responded via email later that same day, "Call me when you get a chance."  BORDERS then emailed this information about purported vendors and quotes, including ones BORDERS knew to be false, to other WMATA employees.  WMATA, in turn,

relied on the falsified information that BORDERS knowingly provided to award purchase orders and contracts, such as the bus stop decal contract, to Company 1.

7. BORDERS also provided Individual 1 with information about potential competitors' bids, in order to allow for the co-conspirators to manipulate the bids that BORDERS ultimately helped Individual 1 and others submit to WMATA on behalf of Company 1.

8. BORDERS also knowingly added unnecessary items to purchase orders that he then submitted to WMATA on behalf of Company 1, via electronic and other means, for which Company 1 was then paid.

9. Likewise, BORDERS also procured purchase orders with Company 1, on behalf of WMATA, for equipment from Company 1 that BORDERS knew was unnecessary, substandard, and/or never actually provided to WMATA. Ultimately, WMATA paid Company 1 for such invoices and orders secured and submitted through BORDERS.

10. To avoid detection and further the scheme, BORDERS often communicated with Individual 1 about proposed bids and contracts using his personal email account. BORDERS also forwarded information from his WMATA email account to his personal account, then provided it to Individual 1 from his personal email account. For example, on or about January 4, 2016, BORDERS sent an email to Individual 1 from his personal account that included a quote from a potential Company 1 competitor, noting, in part, "as an FYI… sent from my personal email – respond back to this address only in reference to this matter 😊"

11. In exchange for BORDERS knowingly and willfully facilitating these fraudulent bids and orders from Company 1 on behalf of WMATA, via the use of interstate wire, BORDERS was provided with items of value, including NFL tickets, by Individual 1 and others affiliated with Company 1.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in this Information, SCOTTIE BORDERS shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of SCOTTIE BORDERS:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;.

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

SCOTTIE BORDERS shall forfeit to the United States any other property of the defendant up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

*[intentionally left blank]*

All of which is pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

                              MATTHEW M. GRAVES
                              UNITED STATES ATTORNEY

By:    _____
        ANNE P. MCNAMARA
        Assistant United States Attorney
        D.C. Bar No. 1006550
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20579
        Phone: (202) 809-3502
        Email: Anne.McNamara2@usdoj.gov